# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

UNITED STATES OF AMERICA    §

        VS.              §§§    **CRIMINAL NO. H-**   **15 CR 380**

JOHN BLAKE TINKLE      §§    (UNDER SEAL)

                  §

*United States Courts*
*Southern District of Texas*
*FILED*
JUL 21 2015
*David J. Bradley, Clerk of Court*

## INDICTMENT

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

## INTRODUCTION

At all times material to this indictment:

1.     John Blake Tinkle ("TINKLE") was an individual residing in Tomball, Texas who did business through his company Tinkle Management Inc.

2.     Tinkle Management Inc. ("TMI") was a company located in Houston, Texas that supplied plastic shipping bags to chemical manufacturers for the shipment of chemical products.

3.     Westlake Chemical Corporation ("Westlake") was a Houston-based chemical manufacturer that produced chemical products, such as polyethylene and polyvinyl chloride, and sold those products internationally.

4.     Packwell Inc. ("Packwell") was a plastics bagging and logistics company located in La Porte, Texas that provided bagging and shipping services to the chemical industry.

5.     Charter Capital was an invoice factoring company located in Houston that provided funding to TMI based on TMI's accounts receivable.

## COUNTS ONE-NINE
### (Wire Fraud, 18 U.S.C. § 1343)

A.   INTRODUCTION

6.   The Grand Jury adopts, realleges, and incorporates herein the Introduction section of the Indictment as if set out fully herein.

B.   THE SCHEME AND ARTIFICE

7.   From on or about June 24, 2008, and continuing until on or about February 1, 2015, in the Southern District of Texas and elsewhere, the defendant,

**JOHN BLAKE TINKLE,**

knowingly devised and intended to devise a scheme and artifice to defraud Westlake, and to obtain money by means of materially false and fraudulent pretenses, representations and promises, in that, he submitted false invoices to Westlake for shipping bags that TMI did not deliver.

C.   MANNER AND MEANS OF THE SCHEME

It was part of the scheme that:

8.   TINKLE, through TMI, sold plastic shipping bags to Westlake for the international shipment of polyethylene and polyvinyl chloride.

9.   TMI delivered the plastic shipping bags to Packwell, which used the bags to package and ship Westlake's chemical products overseas.

10.   TINKLE, through TMI, caused Westlake to be invoiced for tens of millions of plastic shipping bags that were never actually delivered to Packwell.

2

11.     TINKLE caused falsified Packwell Supplies Receiving Reports to be attached to the TMI invoices that purported to show delivery of certain plastic shipping bags to Packwell.

12.     Based on the false invoices and receiving reports, TINKLE caused Westlake and Charter Capital to pay approximately $15 million dollars for plastic shipping bags that were never delivered by TMI.

D.     EXECUTION OF THE SCHEME

13.     On or about the dates set forth below, in the Houston Division of the Southern District of Texas and elsewhere, the defendant **JOHN BLAKE TINKLE**, for the purpose of executing the aforementioned scheme and artifice to defraud and to obtain money by material false and fraudulent representations, pretenses, and promises, did knowingly cause to be transmitted by means of wire communication in interstate commerce, the emails and attached invoices listed below:

| Count | Date | Wire Communication | Amount of Invoice |
|-------|------|--------------------|--------------------|
| 1 | 5/12/14 | Email from rose@tinkleinc.com to accountspayable@westlake.com with attachment: Westlake invoice 14671 | $69,600 |
| 2 | 6/13/14 | Email from rose@tinkleinc.com to accountspayable@westlake.com with attachment: Westlake invoice 14676 | $69,600 |

| 3 | 7/2/14 | Email from rose@tinkleinc.com to accountspayable@westlake.com with attachment: Westlake invoice 14694 | $69,600 |
| 4 | 9/05/14 | Email from rose@tinkleinc.com to accountspayable@westlake.com with attachment: Westlake invoice 14760 | $69,600 |
| 5 | 9/05/14 | Email from rose@tinkleinc.com to accountspayable@westlake.com with attachment: Westlake invoice 14761 | $69,600 |
| 6 | 9/23/14 | Email from rose@tinkleinc.com to accountspayable@westlake.com with attachment: Westlake invoice 14725 | $69,600 |
| 7 | 9/23/14 | Email from rose@tinkleinc.com to accountspayable@westlake.com with attachment: Westlake invoice 14726 | $69,600 |
| 8 | 10/13/14 | Email from rose@tinkleinc.com to accountspayable@westlake.com with attachment: Westlake invoice 14802 | $75,702 |
| 9 | 10/13/14 | Email from rose@tinkleinc.com to accountspayable@westlake.com with attachment: Westlake invoice 14803 | $75,702 |

In violation of Title 18, United States Code, Section 1343.

## COUNTS TEN-THIRTEEN
### (Money Laundering, 18 U.S.C. § 1957)

14.     The Grand Jury adopts, realleges, and incorporates herein the

Introduction Section of the Indictment and the Manner and Means Section of Counts

4

One through Nine.

15.     On or about the dates set forth below, in the Southern District of Texas

and elsewhere, the defendant,

**JOHN BLAKE TINKLE,**

did knowingly engage and attempt to engage in the following monetary transactions

by, through or to a financial institution, affecting interstate commerce, in criminally

derived property of a value greater than $10,000, such property having been derived

from a specified unlawful activity, that is, wire fraud, a violation of Title 18, United

States Code, Section 1343.

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 10 | 3/3/14 | Transfer from Spirit of Texas Bank account ending 6895 to American Express account ending 82002 in the amount of $25,900.49 |
| 11 | 4/15/14 | Transfer from Spirit of Texas Bank account ending 6895 to American Express account ending 82002 in the amount of $25,000.00 |
| 12 | 5/6/14 | Check 6851 drawn on Spirit of Texas Bank account ending 6895 made payable to BLiNC by bambi lynn in the amount of $18,600 |
| 13 | 6/27/14 | Transfer from Spirit of Texas Bank account ending 6895 to 4T Transportation in the amount of $51,000.00 |

In violation of Title 18, United States Code, Section 1957.

5

## NOTICE OF FORFEITURE
### 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

16.     Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to defendant,

### JOHN BLAKE TINKLE,

that upon conviction of a violation of Title 18, United States Code, Section 1343, all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, is subject to forfeiture.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 982(a)(1)

17.     Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendant,

### JOHN BLAKE TINKLE,

that upon conviction of a violation of Title 18, United States Code, Section 1957, all property, real or personal, involved in such money laundering offense or traceable to such property, is subject to forfeiture.

### Money Judgment

18.     Defendant is notified that upon conviction, a money judgment may be

imposed equal to the total value of the property subject to forfeiture, which is at least $15,421,254 in U.S. currency.

### Substitute Assets

19.     Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).


A TRUE BILL:

Original Signature on File

_____
FOREPERSON OF THE GRAND JURY


7

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____

Robert S. Johnson
Assistant United States Attorney